# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND ALEXANDER,** | : | |
| **Plaintiff** | : | |
| **V.** | : | |
| **JIM FORR, JEFFREY BEARD, THOMAS JAMES, SHARON BURKS, TSHANNA KYLER, DONALD WILLIAMSON, ROBERT BITNER, ROBERT SHANNON, J. KERESTES, J.D. SHUTT, DAVID SEARFOSS, KEVIN KANE, PETE DAMITER, RUSSELL SCHEUREN, CINDY WALASAVAGE, DAVID POPEK, E. POGIRSKI, F. PATRICK DAVISON, MAJOR MILLER, CAPT, DURANT, CAPT. MIZENKO, LT. POPSON, SGT. O'DAY, SGT. HARNER, C.O. KINTZEL, C.O. KIEFABOR, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, WILLIAM WOLFE, RON BRYANT, CAROLYN CHEEK, and DAN HENRY** | : : : : : : : : : : : | **CIVIL ACTION NO. 3:04-0370**<br><br>**(VANASKIE, C.J.)**<br>**(MANNION, M.J.)** |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

The plaintiff, Raymond Alexander, formerly an inmate at the State Correctional institution at Frackville ("SCI-Frackville")[1] filed this *pro se* civil rights action pursuant to 42 U.S.C § 1983 on February 23, 2004. (Doc. No.

---

[1]The plaintiff is presently incarcerated at the State Correctional Institution at Mercer, ("SCI-Mercer"), Pennsylvania.

1

1). There are thirty-five (35) defendants who are various officials of the Pennsylvania Department of Corrections ("DOC"), officials and/or employees of the State Correctional Institution at Albion ("SCI-Albion"), and officials and/or employees of SCI-Frackville.  These individuals are identified in more detail below.  The complaint, as amended, alleges a systematic effort by these individuals to retaliate against the plaintiff because he filed administrative grievances against prison administration, and otherwise sought to complain about prison conditions by writing letters to outside government officials. The plaintiff seeks injunctive and declaratory relief, and monetary damages. Presently before the court is the plaintiff's motion for partial summary judgment. (Doc. No. 25).

## I.    **PROCEDURAL HISTORY**

The plaintiff's complaint was filed on February 23, 2004. (Doc. No. 1). Only defendant Jim Forr was named as defendant in the original complaint. Summons issued on the named defendant on the same date, along with a standing practice order. (Doc. Nos. 2, 3).  On May 14, 2004,  defendant Forr filed an answer to the complaint. (Doc. No. 5).  On May 24, 2004, the plaintiff filed a response to the answer. (Doc. No. 6).

On June 9, 2004, the plaintiff filed an amended complaint in which he named thirty-four additional defendants. (Doc. No. 9). On June 10, 2004, the plaintiff filed a motion to amend the complaint, with a supporting brief, which

2

was granted by order dated July 1, 2004. (Doc. Nos. 7, 8, 12). On July 6, 2004, the plaintiff filed a motion for the court to accept plaintiff's supplemental response to defendant Forr's answer to the complaint, which was granted by order dated July 7, 2004. A brief in support of the motion was filed on July 14, 2004. (Doc. Nos. 13, 15, 16).

After being granted an extension of time in which to do so, the defendants filed an answer to the amended complaint on October 1, 2004. (Doc. Nos. 18, 19, 20).  The plaintiff filed a response to the answer to the amended complaint on October 12, 2004. (Doc. No. 21).

By order dated January 10, 2005, the undersigned ordered that all discovery be completed by April 10, 2005. (Doc. No. 22). The plaintiff filed an appeal of the order, which was denied by order dated January 25, 2005. (Doc. No. 23, 24). The plaintiff filed a motion for partial summary judgment, the motion presently under consideration, on February 4, 2005. (Doc. No. 25).  On the same date he filed a statement of material facts, and a brief in support of the motion for partial summary judgment. (Doc. Nos.  26, 27).

After being granted an extension of time in which to do so, the defendants filed a brief in opposition to the motion for partial summary judgment on March 9, 2005. (Doc. Nos. 28, 29, 30).  On March 11, 2005, the defendants filed a motion to substitute an amended brief to replace the brief filed on March 9, 2005, which was granted by order dated March 14, 2005. (Doc. Nos. 31, 32, 33).

3

The plaintiff filed a motion to enlarge time to complete discovery which was granted by order dated March 16, 2005. (Doc. Nos. 34, 35).  On March 17, 2005, the plaintiff filed a response to the defendants' brief in opposition to the motion for partial summary judgment. (Doc. No. 36). On May 13, 2005, the plaintiff filed a motion to amend his complaint, with a supporting brief. (Doc. Nos. 37 & 38). That motion was denied by order dated May 23, 2005. (Doc. No. 39).  The plaintiff filed an appeal of the order denying the motion to amend his complaint, with supporting brief, on June 6, 2005. (Doc. Nos. 43, 44). That appeal is presently pending before the district judge.  On May 25, 2005, the defendants filed a motion to extend discovery and dispositive motions which was granted by order dated May 26, 2005. (Doc. Nos. 40, 41). The plaintiff filed a motion for an order compelling disclosure or discovery on June 3, 2005. (Doc. No. 42). This motion has not been supported by a brief, as required by Local Rule 7.5 and will therefore be considered withdrawn. On June 29, 2005, the plaintiff advised the court that he had been transferred to SCI-Mercer. (Doc. No. 45).

The defendants are identified, as best as can be discerned from the plaintiff's pleadings, as follows: Jim Forr, Frackville Facility Grievance Coordinator; Thomas James, Department of Corrections ("DOC") Grievance Officer; Sharon Burks, DOC Grievance Officer; Tshanna Kyler, DOC Grievance Officer; Donald Williamson, DOC Corrections Coordinator; Robert Bitner, DOC Chief Hearing Examiner; Robert Shannon, Frackville

4

Superintendent; J. Kerestes, Frackville Deputy Superintendent; J.D. Shutt, Frackville Deputy Superintendent; David Searfoss, Frackville Classification Manager; Kevin Kane, DOC Hearing Examiner; Pete Damiter, Frackville Acting Grievance Coordinator;  Russell Scheuren, Frackville Unit Manager; Cindy Walasavage, Frackville Inmate Accounts Clerk; David Popek, Frackville Budget Analyst; E. Pogirski, Frackville Mailroom Supervisor; F. Patrick Davison, Frackville Employment Manager; Major Miller, Frackville Corrections Officer; Capt. Durant, Frackville Corrections Officer; Lt. Mizenko, Frackville Corrections Officer;  Lt. Popson, Frackville Corrections Officer; Sgt. O'Day, Frackville Corrections Officer; Sgt. Harner, Frackville Corrections Officer; C.O. Kintzel, Frackville Corrections Officer; C.O. Kiefabor, Frackville Corrections Officer; John Doe 1, Unknown Frackville Mailroom Clerk; John Doe 2, Unknown Frackville Corrections Officer; John Doe 3, Unknown Frackville Corrections Officer; John Doe 4, Unknown Frackville Staff Member; John Doe 5, Unknown Frackville employee, John Doe 6, Unknown Frackville Employee; William Wolfe, Superintendent  SCI-Albion; Ron Bryant, SCI-Albion Unit Manager; Carolyn Cheek, SCI-Albion Counselor;  Dan Henry, SCI-Albion Mailroom Coordinator, and Jeffrey Beard, Secretary, DOC.

## II.    **STANDARD OF REVIEW**

Presently before the court is the plaintiff's motion for partial summary judgment.  The motion is filed against named defendants Jim Forr, Robert

Shannon, J. Kerestes, J.D. Shutt, David Searfoss, Kevin Kane, Robert Bitner and Jeffrey Beard.

Summary judgment is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be resolved, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The Supreme Court has ruled that Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp v. Catrett, 477 U.S. 317 (1986). The Court further stated that "Rule 56 (e)...requires the non-moving party to go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324; Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990); Pastore v. Bell Tel. Co. of Pennsylvania, 24 F.3d 508, 511 (3d Cir. 1994) (quoting Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992)).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Id. at 323; Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).

To determine whether the non-moving party has met his or her burden,

6

the court must focus on both the genuineness and the materiality of the factual issues raised by the non-movant. "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 247-48 (1986) (emphasis in original). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S at 250. A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. <u>Anderson,</u> 477 U.S. at 248. If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'." <u>Matsushita Elec. Industrial Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986) (quoting <u>First Nat. Bank of Ariz. v. Cities Service Co.</u>, 391 U.S. 253, 289 (1968)). All inferences, however, "'should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true'." <u>Pastore</u>, 24 F.3d at 512 (quoting <u>Big Apple BMW, Inc. v. BMW of N. America, Inc</u>., 974 F.2d 1358, 1363 (3d Cir. 1992), <u>cert</u>. <u>denied</u>, 507 U.S. 912 (1993)).

With the above principles in mind, the court will address the allegations in the complaint, as amended, and in the motion for partial summary judgment;  the materials and documentation submitted by the defendants to

pierce those allegations, and the response submitted by the plaintiff in an attempt to controvert the defendants' materials and to demonstrate that he is entitled to judgment on his retaliation claim against the named defendants, as a matter of law.

## III.   **DISCUSSION**

The plaintiff's complaint, as amended, alleges that beginning in November 2002, DOC employees at both SCI-Albion and SCI-Frackville engaged in a systematic course of conduct with the intention to harass the plaintiff in retaliation for having exercised his First Amendment rights. The harassment included, but was not limited to, filing misconduct reports, interfering with his mail and communications, circumscribing his right to participate in the grievance process, being obstructionist by forcing him to pay certain administrative fees, and by improperly dismissing and/or denying his appeals regarding the misconducts filed against him. (Doc. No. 9).

The plaintiff alleges that defendants Forr, Kane, Shannon, Kerestes, Shutt, Searfoss, Bitner and Beard acted in concert to retaliate against him because he sought to assert his First Amendment rights both to participate in the DOC grievance process and to seek redress from other sources, which included complaints sent to various government officials outside the Frackville administration.

Specifically, the plaintiff alleges that he sent letters to Senator Arlen

Specter and Pennsylvania Governor Ed Rendell in which he reported that he had been the subject of an organized effort on the part of DOC administration and employees to harass him. The plaintiff states in his Statement of Material Facts, filed in support of his motion for partial summary judgment, that on February 13, 2004, defendant Forr caused misconduct A479631 to be filed against him in retaliation for writing to Senator Specter and Governor Rendell.

The offenses alleged in misconduct A479631 were, Unsworn Falsification to Authorities, and Lying to an Employee.  Misconduct A479631 states in pertinent part:

> On 2/11/04 at 1715 hours, an investigative property search of ET-1459 Raymond Alexander's property was conducted by CO's Miranchi, Keifabor and Mikulsky.  The scope of the search was to determine if ET-1459 Alexander's property had documents in his possession that he claimed to various DOC staff and Governor Rendell he never received or never received staff responses.  ET- 1459 Alexander states that Grievance # 69285 and #71694 were never responded to by staff.  Grievance Responses for #69285 and #71694 were found in ET-1459 Alexander's property.  In correspondence to Governor Rendell ET-1459 Alexander claimed (sic) never responded to his Grievance #62342 (sic).  ET-1459 Alexander also made the same claim to Ms. Burk DOC Chief Grievance Officer.  A copy of Grievance #62342 was found in ET-1459 Alexander's property along with staff responses to that Grievance.  Also found in ET-1459 Alexander's property was a DC-135 Request Slip and Response by Mr. Searfoss that ET-1459 Alexander claims staff never acted on. Cir. # A272580, A400683, 400694 400695...[2]

(Doc. No. 27, Ex. A1).

---

[2]The misconduct charge continues onto a second page, but that page is illegible.

The plaintiff filed a request for review of the misconduct report.  After a hearing was held on February 24, 2004, DOC Hearing Officer defendant Kevin Kane dismissed the charge of Unsworn Falsification to Authorities without prejudice, but found the plaintiff guilty of Lying to an Employee. Specifically, defendant Kane wrote, in pertinent part:

> I dismiss # 26 without prejudice.
>
> I do find however, that the report and attached request slip, case entry and callout sheet, clearly show that Alexander was to meet with Mr. Searfoss and did not.  It is the inmates' responsibility to check the callout sheet.  I therefore find he did lie when he claimed that Mr. Searfoss did not see him, when indeed he failed to show up when called.  I find him guilty of lying to an employee.
>
> Sanction: 30 days Cell restriction eff. 2-24-04 thru 3-24-04.

(Doc. No. 27, Ex. B).

The plaintiff filed an appeal with the Program Review Committee ("PRC"),  which consisted of defendants Kerestes, Shutt and Searfoss. The appeal included a complaint that the plaintiff had not been served with proper notice of the specific charge against him regarding lying to an employee (defendant Searfoss); that the evidence was insufficient to support the charge, and that the misconduct had been false and retaliatory. The PRC sustained the misconduct charge stating:

> There was evidence of misconduct upon which the Hearing Examiner determined that Alexander is guilty of the charges, based on specific documentation noted by the reporting Commissioned Officer.  It is apparent the inmate made false statements.

(Doc. No. 27, Ex. D).

The plaintiff filed an appeal of the PRC's decision with defendant Superintendent Shannon. (Doc. No. 27, Ex. E-1). The appeal was denied on March 19, 2004. Defendant Shannon stated, "In this instance the findings made by the Examiner are amply supported by the evidence presented at the hearing." (Doc. No. 27, Ex. F).

The plaintiff filed a final appeal with defendant Robert Bitner, Chief Hearing Examiner. He raised seven different issues on appeal. (Doc. No. 27, Ex. G-1). Defendant Bitner dismissed the appeal on March 31, 2004, because it did not comply with DC-ADM 801, VI L, 3b, a directive which requires that appeals contain a "brief" statement of the facts relevant to the claim. Defendant Bitner wrote, in pertinent part:

> Your four (4) typed written page appeal clearly fails to meet [the criteria of DC-ADM 801, VI L, 3b] and will not be accepted for final review.  You may, within seven (7) days of receipt of this letter, resubmit an appeal to final review with a brief statement of the facts relevant to your claim.

(Doc. No. 27, Ex. H)(emphasis in original).

On April 6, 2004, the plaintiff wrote to defendant Bitner and advised him that DC-ADM 801 did not authorize the Chief Hearing Examiner to dismiss any final appeals. (Doc. No. 27, Ex. I). On the same date, the plaintiff notified defendant Jeffrey Beard, DOC Secretary, of defendant Bitner's intention to dismiss the final appeal, and included a copy of his response to defendant Bitner. (Doc. No. 27, Ex. J). The plaintiff did not comply with defendant

11

Bitner's directive to file a concise statement in support of his appeal.  As a result, on April 23, 2004, defendant Bitner dismissed the plaintiff's appeal for failure to comply with his directive to file a brief statement of relevant facts. (Doc. No. 27, Ex. K).

As noted, the motion for partial summary judgment under review relates solely to defendants Forr, Kane, Kerestes, Shutt, Searfoss, Shannon, Bitner and Beard, (hereinafter "named defendants"), the actors allegedly involved in misconduct A479631, and the attendant administrative appeal process. The plaintiff maintains that he is entitled to judgment against these defendants as a matter of law because, "[t]here are no genuine issues of material fact" pertaining to their unlawful conduct and his claim of retaliation. (Doc. No. 25).

Since the plaintiff is proceeding *pro se*, the court is required to liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). In doing so, however, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A prisoner alleging retaliation must show: (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.  Once an inmate has made a *prima facie* showing,

the burden shifts to the defendant to prove, by a preponderance of the evidence, that "it would have made the same decision absent the protected conduct for reasons reasonably related to a penological interest." <u>Rauser v. Horn</u>, 241 F.3d 330, 333-34 (3d Cir. 2001)(incorporating <u>Turner v. Safley</u>, 482 U.S. 78, 79). An inmate may prevail on a retaliation claim if he can prove that prison officials retaliated against him for use of the inmate grievance system and previous lawsuits. *See* <u>Mitchell v. Horn</u>, 318 F.3d 523 (3d Cir.2003)(citing <u>Babcock v. White</u>, 102 F.3d 267, 275-76 (7th Cir. 1996).

In support of the retaliation claim, the plaintiff states in his "Statement of the Case":

> ...Plaintiff wrote to Secretary Beard seeking help. Receiving none, he wrote to Governor Rendell for help. Receiving none, he wrote to Senator Specter for help.
> Senator Specter's office made inquiries on plaintiff's behalf. At that point Frackville's administration and staff needed to attack/damage plaintiff's credibility to deflect unwanted attention from their actions.
> Defendants "investigated" plaintiff by first searching his property and then by seizing his property. Defense counsel's contrary assertions notwithstanding, no documents that plaintiff never received were found among his possessions. None of the alleged "facts" in misconduct A479631 has ever been proved. A479631 is based entirely upon plaintiff's correspondence and use of the grievance system, both of which are constitutionally protected conduct.

(Doc. No. 36, unpaginated). The plaintiff argues further in his response to the defendants' brief in opposition to the motion for partial summary judgment that:

> Misconduct A479631 speaks for itself. The "facts" alleged are specifically based upon and related to plaintiff's

13

> correspondence and use of the grievance system. This
> establishes the third criterion [of a retaliation claim] and
> establishes a prima facie case, shifting the burden to defendants.
>
> The defendants have presented no evidence to support the
> false accusations that plaintiff made unsworn falsifications.  The
> defendants have presented no evidence to support the false
> assertion that plaintiff ever claimed to have not received certain
> documents and/or that he had in his possession documents he
> claimed to have not received...
>
> ...The only conduct at issue in A479631 is plaintiff's
> protected conduct for which he may not be disciplined, punished,
> and/or retaliated against...
>
> ...Plaintiff has established a prima facie case that his use
> of the grievance system and his correspondence with officials
> was a substantial factor in defendants' actions, which shifts the
> burden of proof to the defendants. Plaintiff has submitted
> indisputable documentary evidence [Doc. No. 27, Exhibits A
> through K] that prove plaintiff's claims.
>
> Defendants have presented no evidence whatsoever, and
> their arguments do not meet their burden of proof...

(Doc. No. 36, unpaginated).

The named defendants maintain that this matter is not properly before

the court because the plaintiff did not exhaust available administrative

remedies.  In the alternative, the named defendants assert that the motion for

partial summary judgment should be denied as it pertains to defendants Forr,

Kane, Shannon, Kerestes, Shutt and Searfoss because there is no evidence

that the plaintiff was punished for protected conduct, and that the motion

should be denied as it pertains to defendants Bitner and Beard because there

is no evidence of their personal involvement in the alleged unlawful conduct.

Exhaustion of available administrative remedies is a mandatory

prerequisite for an inmate to initiate a federal lawsuit, even if the

administrative process cannot grant the type of relief sought. Booth v.

14

Churner, 532 U.S. 731, 739 (2001); 42 U.S.C. § 1997e(a). The DOC has implemented an official Inmate Grievance System, governed by Administrative Directive 804 and supplemental Bulletins.  Pursuant to this system, an inmate is required to present his grievance to the grievance coordinator for initial review within fifteen (15) days after the date of the events upon which the grievance is based. If unsatisfied with the result, the inmate may appeal the decision to the Superintendent of the local prison. The final step of the administrative process is to appeal the Superintendent's decision to the Chief Hearing Examiner. An inmate may satisfy the exhaustion requirement if he substantially complies with the administrative process. Nyhuis v. Reno, 204 F.3d 65, 75-77 (3d Cir. 2000).

The exhaustion doctrine has been developed to facilitate judicial review by allowing the appropriate agency to develop a factual record and apply its expertise, to conserve judicial resources, and to allow the defendant agency the first opportunity to correct its own errors.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 11998).  If a prisoner does not exhaust available administrative remedies, the claims should be dismissed. Id.

The plaintiff has not exhausted administrative remedies regarding misconduct A479631.  The court is cognizant that the plaintiff's complaint, as amended, incorporates several prior misconducts as the basis for his claim of retaliation.  As pertains to the motion under consideration, however, only misconduct A479631 is at issue. The plaintiff abandoned his appeal of

misconduct A479631 at the final administrative level; he refused to comply with the administrative directive to file a concise state of his complaint.  As a result, any claims arising from that misconduct should be dismissed.

Even if the plaintiff had exhausted administrative remedies on this claim, however, he still would not be entitled to partial summary judgment against the named defendants.  This is because genuine issues of material facts exist as to (1) whether the conduct engaged in by the plaintiff which led to the alleged retaliation was protected conduct, and (2) whether the defendants would have made the same decision to reprimand the plaintiff, absent any alleged protected conduct, for reasons reasonably related to a penological interest.

A prisoner-plaintiff in a retaliation case must show that the conduct which led to the alleged retaliation was constitutionally protected. *See* Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999)(en banc); Drexel v. Vaughn, 1998 WL 151798 (E.D. Pa.). Furthermore, prison officials may not punish inmates for unflattering, unwelcome critical opinions or factually inaccurate statements made in letters to outsiders, even if the same statements would be grounds for punishment if made orally to prison officials. *See* Brooks v. Andolina, 826 F. 2d 1266 (3d Cir. 1987)(citing Procunier v. Martinez, 416 U.S. 396 (1987).

As an initial matter, we note that throughout the plaintiff's arguments in support of the motion for partial summary judgment, the plaintiff remains

16

focused on the misconduct A479631 charge of Unsworn Falsification to Authorities. He complains repeatedly that there was no evidence to support the charge, and that the investigation of his property did not produce evidence that "documents that plaintiff never received were found among his possessions." (Doc. No. 36, unpaginated). The plaintiff has apparently forgotten that at the first administrative level of review, the charge of Unsworn Falsification to Authorities was dismissed without prejudice by the Hearing Examiner, defendant Kane. Therefore, the plaintiff has not "suffered an adverse action" as a result of the charge of Unsworn Falsification to Authorities. That being the case, the only conduct for which the plaintiff suffered an adverse action pertained to the charge of Lying to an Employee.

Neither the plaintiff nor the defendant has sufficiently apprized this court of the exact nature of the circumstances which resulted in the violation of Lying to an Employee. The court has gleaned from the record in general that the plaintiff at one point must have reported that he had requested to see defendant Searfoss, but that the request was never acted upon. The Hearing Examiner concluded that sufficient evidence supported the charge that the plaintiff had lied to an employee regarding this matter. At this stage of the proceedings, this court cannot say, as a matter of law, whether the "Lying to an Employee" charge relates to the grievance process, and thus may have been Constitutionally protected conduct. As a result, the plaintiff is not entitled to partial summary judgment and the motion should be denied.

17

In addition, the defendants also argue that the motion for partial summary judgment should be denied as it pertains to defendants Forr, Shannon, Kerestes, Shutt, Searfoss and Durant because a material issue of genuine facts exists as to whether these defendants would have made the same decision to reprimand the plaintiff absent any alleged privileged conduct, for reasons reasonably related to a penological interest. In support of this argument the defendants submitted the declarations of defendants Robert Shannon, John Kerestes and Dennis Durant.

Defendant Shannon declared that he did not deny the plaintiff's appeal to punish the plaintiff for engaging in the grievance process. He stated that he would have denied the appeal whether or not he had engaged in protected activity. (Doc. No. 32, Declaration of Robert Shannon).

Defendant John Kerestes declared that the Program Review Committee reviewed the documents and evidence relating to misconduct A479631, and concluded that the charge of Lying to an Employee was warranted. Defendant Kereste stated that the PRC did not deny the plaintiff's appeal in order to punish him. He stated further that the PRC would have taken the same action whether or not he had engaged in protected activity. (Doc. No. 32, Declaration of John Keretes).

Defendant Captain Dennis Durant declared that he caused the investigative search to be undertaken of the plaintiff's property. He stated that he did so because he had information which indicated that the plaintiff

18

had lied to Governor Rendell,  and at least one corrections official.  He stated that he found the documents in the plaintiff's possession which the plaintiff had told officials that he had not received. As a result, defendant Durant issued misconduct A479631.   He further stated that he did not issue misconduct A479631 to punish the plaintiff.  He stated that he would have issued the misconduct whether or not the plaintiff had engaged in protected conduct. (Doc. No. 32, Declaration of Captain Dennis Durant).

The plaintiff, as the party moving for partial summary judgment, bears the burden of showing the absence of a genuine issue as to any material fact. Lujan, *supra.* The plaintiff has offered nothing to controvert the defendants declarations.  As a result, genuine issues of material fact exist as to whether the defendants would have issued the misconduct and sanctioned the plaintiff for lying to an employee whether or not the plaintiff had engaged in protected conduct. Thus, the motion for partial motion for summary judgment should be denied as it pertains to defendants Forr, Shannon, Kerestes, Shutt, Searfoss, and Durant.

Finally, the defendants argue that the motion for partial summary judgment should be denied as it pertains to defendants Bitner and Beard because these prison officials had no personal involvement in the allegedly unconstitutional conduct on the part of the Frackville prison administration. To state a claim under § 1983, a plaintiff must present facts which show that the defendant actually participated in or had actual knowledge of and

acquiesced in action proscribed by federal law which forms the basis of the complaint. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1976). Liability cannot be imposed on the basis of *respondent superior* or the position of the state actor. Parrett v. Taylor, 451 U.S. 527, 537 n. 3 (1981).

The plaintiff has put forth no evidence in support of his allegation that defendant Bitner as Chief Hearing Examiner dismissed his appeal in retaliation for the plaintiff's having participated in the grievance process. In fact, defendant Bitner did not deny the appeal on the merits; he dismissed it for procedural reasons. The plaintiff was given the opportunity to comply with the procedural directive, but failed to do so. The court notes that the plaintiff filed the original complaint in this matter weeks before defendant Bitner entertained the plaintiff's appeal. Therefore, it is evident that defendant Bitner had no personal involvement in the conduct of which the plaintiff complains. As a result, the motion for partial summary judgment as it pertains to defendant Bitner should be denied.

The same is true of defendant Beard, Secretary of the DOC. There is no evidence, whatsoever, that defendant Beard had any personal involvement in, or acquiesced in, any alleged retaliatory conduct towards the plaintiff. All that exists is the plaintiff's bald assertion to this effect. As a result, summary judgment as it pertains to defendant Beard should be denied.

In summary, the burden was on the plaintiff as the moving party to demonstrate that no genuine issues of material fact exist, and that he is

entitled to judgment against the named defendants as a matter of law.  The plaintiff has failed to do so.  As a result, the motion for partial summary should be denied.

## IV.    RECOMMENDATION

Based on the foregoing, **IT IS RECOMMENDED** that the plaintiff's motion for partial summary judgment (Doc. No. 25) should be **DENIED.**


s/ Malachy E. Mannion

**MALACHY E. MANNION**
**United States Magistrate Judge**


Dated:   July 26, 2005
O:\shared\REPORTS\2004 Reports\04-0370.wpd

21